IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31759-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COURTNEY CORY ARBUCKLE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Courtney Arbuckle appeals his convictions for first degree burglary, with accompanying special verdict finding that he was armed with a firearm, and theft of a firearm. We conclude that the defendant was not prejudiced by an alleged instructional error and the evidence was sufficient. The convictions are affirmed.

FACTS

The noted charges arose from the burglary of a lumber yard that was largely captured on surveillance cameras. Mr. Arbuckle and Daniel Spivey triggered a silent alarm when they broke into the lumber yard. When the two entered the store area, they were recorded by security cameras. The business owner was alerted and, observing on the cameras that one of the men in the video was armed with a gun, called the police and drove to his store. The owner and an officer arrived at the same time the two men were leaving. The two men fled on foot from the officer, leaving a van behind.

A pellet gun and several stolen items were found near the van. The business owner reported that additional items were missing, including a .22 caliber pistol. A detective located Mr. Arbuckle after discovering the van was registered to Arbuckle's girl friend. After his arrest, Mr. Arbuckle gave a detailed statement to the detective and identified Mr. Spivey as his confederate. He told the detective that Spivey was armed with a gun during the burglary.

The case was tried to a jury. Mr. Arbuckle testified that Spivey had been armed with only a fake gun (the pellet gun) and that the .22 pistol was not present and had not been stolen. The court instructed the jury that in order to answer "Yes" to the firearm special verdict, it must find a nexus between the burglary and the firearm. The court, however, declined the defense request to similarly instruct the jury about a nexus requirement on the burglary charge.

The jury convicted Mr. Arbuckle as charged, rejecting his contention that he was only guilty of lesser offenses because no gun was stolen. He then timely appealed to this court from a standard range sentence.

## ANALYSIS

Mr. Arbuckle challenges the sufficiency of the evidence to support the firearm finding and the burglary and theft of a firearm convictions, as well as the absence of a "nexus" instruction on the burglary charge. We address the sufficiency arguments together before turning to the instructional claim.

2

*Sufficiency of the Evidence*

Mr. Arbuckle argues that the evidence did not support the jury's verdicts that he committed the two offenses or that he was "armed" with a firearm during the commission of the burglary. Specifically, he argues that the evidence was insufficient to establish that the .22 pistol was stolen or that either of the burglars was armed with a genuine firearm.

Very well settled standards govern review of these claims. Evidence is sufficient to support a conviction if it permits the trier-of-fact to find beyond a reasonable doubt each element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). In reviewing such challenges, an appellate court will construe the evidence in the light most favorable to the prosecution. *Id.* "All reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *State v. Salinas,* 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The reviewing court does not reweigh evidence. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

*Theft of a Firearm*

As charged and instructed here, the State was required to prove that Mr. Arbuckle wrongly obtained or exercised unauthorized control over a firearm with the intent to deprive the owner of that firearm. Clerk's Papers (CP) at 157. Mr. Arbuckle's argument

on this count is that no firearm was taken during the burglary. He denied that one was taken and notes that the owner had last seen the weapon three weeks before the burglary.

Properly viewed, the evidence supports the conviction. The victim testified that a functional .22 caliber pistol was stored behind the counter at the lumber yard and was missing after the burglary. The two burglars were seen on camera in the area where the gun had been stored. Mr. Arbuckle admitted to taking a chisel that had been stored in the same location as the gun, and other items from that same area also were reported stolen. On this evidence, the jury could conclude that the .22 caliber pistol was taken with the intent to deprive the owner of the gun. Accordingly, the evidence justified the jury's verdict.

*First Degree Burglary*

Mr. Arbuckle, consistent with his claim that the firearm was not stolen, argues that the evidence did not support the burglary verdict due to lack of proof that a weapon was possessed during the crime. First degree burglary, as charged here, required the State to prove that the defendant entered or remained unlawfully in a building with the intent to commit a crime against person or property therein while he or an accomplice was armed with a deadly weapon. CP at 147. The State argued that either the .22 caliber pistol stolen in the burglary or the gun seen in Mr. Spivey's possession on the video was the deadly weapon with which the burglars were armed.

Our decision on the firearm theft largely controls the result on this challenge. The burglars were armed when the .22 caliber pistol was stolen and taken from the store, making

4

it available to them during the crime and flight therefrom. In addition, the surveillance evidence also showed that Spivey was armed throughout the course of the proceedings. The jury could see the weapon and several witnesses identified it as a genuine firearm. Mr. Arbuckle's statement to the detective likewise admitted that Spivey was armed with a gun.

This evidence again supported the jury's determination.

*Special Verdict*

For similar reasons, Mr. Arbuckle argues that the evidence did not support the jury's affirmative finding on the firearm special verdict. He contends that the State did not prove that the .22 caliber pistol was stolen or that the gun in Spivey's possession was a genuine firearm. To return the special verdict, the jury had to unanimously find beyond a reasonable doubt that the defendant was armed with a firearm during the burglary and there was a connection between the firearm, the defendant, and the crime. CP at 170.

Once again, the theft of the firearm largely resolves the analysis of this claim. The thief was armed when he took that gun, effectively arming both burglars. There certainly was a connection between the defendant and the weapon and the burglary—the stolen gun was one of the fruits of the burglary.

Similarly, the evidence relating to Spivey's possession of a firearm also supported the special verdict. The video showed him carrying a weapon and several witnesses identified it as a genuine gun. Mr. Arbuckle's admission to the detective likewise stated Spivey possessed a gun. Finally, we have no difficulty concluding that a burglar displaying

5

a firearm in the course of committing his crime establishes the necessary connection between the crime, the gun, and the suspect.

As with the charged counts, the evidence supported the jury's special verdict. Sufficient evidence supported each of the three challenged verdicts.

*Nexus Instruction*

Additionally, Mr. Arbuckle contends that the court erred in failing to include the burglary charge in its nexus instruction. The court expressly instructed the jury that it needed to find a nexus between the defendant, the gun, and the burglary in order to return an affirmative finding on the special verdict form. The court declined to include the burglary charge in its nexus instruction. On the facts of this case, the failure to give the instruction was, at worst, harmless error. [1]

Appellant bases his argument on *State v. Brown*, 162 Wn.2d 422, 173 P.3d 245 (2007). There the court applied the nexus requirement to both the firearms enhancement and the first degree burglary charge at issue there. *Id.* at 431-35. Although *Brown* dealt with the sufficiency of the evidence rather than a jury instruction, it is suggestive that the nexus instruction should probably have extended to the burglary charge as well as the special verdict. Division Two of this court, however, reached a contrary result in *State v. Hernandez*,

---

[1] The defendant's proposed definitional instruction is not in the record of this case. However, there is a fairly clear discussion of the instruction and the court indicated that it gave all but the last sentence of the proposed defense instruction. Report of Proceedings at 426-28. The State does not contest appellant's ability to present this argument.

172 Wn. App. 537, 543-44, 290 P.3d 1052 (2012), in part relying on the discussion in

*In re Personal Restraint Petition of Martinez*, 171 Wn.2d 354, 366-68, 256 P.3d 277 (2011).

We need not weigh in on this debate because Mr. Arbuckle was not harmed by the failure to extend his requested definitional instruction. Typically, courts are afforded broad discretion in the wording of jury instructions. *Petersen v. State*, 100 Wn.2d 421, 440-41, 671 P.2d 230 (1983). Instructional error is presumed prejudicial, but can be shown to be harmless. *State v. Rice*, 102 Wn.2d 120, 123, 683 P.2d 199 (1984). A nonconstitutional error such as this one[2] is harmless if it did not, within reasonable probability, materially affect the verdict. *State v. Zwicker*, 105 Wn.2d 228, 243, 713 P.2d 1101 (1986). Even constitutional error, such as the omission of an element from a "to convict" instruction, is harmless error if it is clear beyond a reasonable doubt that the error did not contribute to the verdict. *Neder v. United States*, 527 U.S. 1, 15, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999) (citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)); *State v. Thomas*, 150 Wn.2d 821, 840-41, 83 P.3d 970 (2004). Under either standard, the alleged error was harmless.

The jury found a connection between the defendant, the gun, and the crime when it returned the properly instructed special verdict. The same connection necessarily existed for the charged burglary offense as it did for the special verdict. Having found the one

---

[2] Only instructional errors involving the burden of proof or the elements of a crime constitute constitutional error. *State v. O'Hara*, 167 Wn.2d 91, 105, 217 P.3d 756 (2009).

connection, any error in failing to expressly require the jury to find the connection on the burglary offense was harmless because the jury was considering the same offense and the same facts on both the charged crime and the underlying enhancement.

There was no prejudice from the alleged error. Accordingly, Mr. Arbuckle is not entitled to any relief.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.